Vincent A. Lupiano, J.
Defendant husband appears specially and moves pursuant to section 237-a of the Civil Practice Act to set aside the service upon him of the summons and complaint in this action by the wife for a judgment declaring the nullity of the judgment of divorce rendered in favor of the defendant against the plaintiff in an action instituted by him in the State of Arkansas; said divorce was obtained on or about the fifth day of August, 1950.
Service herein was made personally upon defendant, a domiciliary and resident of California, in that State without an order. The plaintiff herein is a New York resident. A dispositive question is whether the defendant is a person, in the circumstances presented, upon whom service of process was effectively made within the ambit of section 235 of the Civil Practice Act, which prescribes and limits the situations in which a defendant may be served personally without the State without order. In part, said section declares: ££ A defendant in any case specified in section two hundred thirty-two, or a defendant domiciled in the state, may be served with the summons without an order, without the state in the same manner as if such service were made within the state ”. As previously noted, the defendant herein is not domiciled in this State; hence the questioned service must be examined and concluded in the light of the specifications of section 232 of the Civil Practice Act. Subdivision 1 thereof embraces the instant action with this language: £ 1 where the action is to declare the nullity of a judgment of divorce rendered against a resident of this state in any action outside the state of New York in which such New York resident did not appear therein.” (Italics supplied.) The italicized portion further qualifies a situation for such service, and the ultimate question is whether or not the plaintiff ££ did not appear ” in the Arkansas action within the construction of that section.
Defendant contends that plaintiff’s appearance in the Arkansas action debars the, attempted service made upon him in this action. Contrarily, plaintiff contends that her appearance was obtained “ fraudulently by trickery and device ”, and therefore her appearance in the Arkansas court should not *552 be counted against her for instant purpose. Yet, there is no question that she did in fact appear in the Arkansas action. And while plaintiff’s claim of fraud, amongst other contentions, might well be advanced in an appropriate action, the limited consideration at this posture is whether her past appearance in Arkansas, even as she contends, excluded her from resorting to the manner of service permitted under section 235, read in conjunction with section 232 of the Civil Practice Act.
I do not think that our Legislature intended to make available to a New York resident who had appeared in a sister State action the facile manner of service of process prescribed therein for this action brought to undo the end result of the other action wherein she appeared, though her appearance was allegedly fraudulently contrived.
For one must be mindful that the pertinent section, recently amended to include the type of action herein involved, now makes it easier for alleged aggrieved New York residents to initiate such an action; therefore, the available service should be confined within a strict and literal intendment of the statute. So construed, if our resident did appear in the action for divorce outside the State of New York, which judgment is sought to be declared a nullity, such appearance, no matter how disclaimed it may be, will preclude acquisition of jurisdiction of the person of the nonresident through personal service outside the State. Therefore, service of process upon defendant as made herein was unauthorized and is vacated.
The other contentions raised for dismissal of the action need not be considered in view of the foregoing disposition. Accordingly, defendant’s motion is granted and the within action is dismissed since jurisdiction was not acquired over the defendant by the service made upon him. However, such dismissal is made without prejudice to a like action properly instituted.